N. Franklin Casey, Tulsa, for petitioner.

Craig D. Corgan, Bartlesville, for respondent.

---

**Neva Christine GRAHAM, Petitioner,**

v.

**Hon. John G. LANNING, District Judge, Respondent.**

**No. P-85-61.**

Court of Criminal Appeals of Oklahoma.

March 28, 1985.

ORDER ASSUMING ORIGINAL JURISDICTION AND DENYING PETITION FOR WRIT OF PROHIBITION

The petitioner, Neva Christine Graham, by and through her attorney of record, N. Franklin Casey, filed with this Court on January 25, 1985, an application to assume original jurisdiction and petition for writ of prohibition, seeking the prevention of her scheduled trial for perjury in Washington County District Court, Case No. CRF-84-138. The respondent has entered an ap-

pearance in this case by and through the District Attorney of Washington County, Craig D. Corgan. A response to the petition was filed by Mr. Corgan on February 19, 1985.

The facts of this case are as follows: On December 10, 1983, the petitioner submitted to a deposition for use in a civil proceeding pending in the District Court of Washington County, Oklahoma. Although a resident of the State of Missouri, petitioner traveled to Austin, Texas to give the deposition, which was made under an oath administered by a Texas officer. The deposition was both transcribed by a certified shorthand reporter and recorded on videotape. On December 28, 1983, the videotape and transcript of the deposition were used in the Washington County civil trial. The State of Oklahoma now alleges that petitioner committed perjury in the course of the deposition, and on June 25, 1984, caused perjury charges to be filed under 21 O.S.1981, § 491.

Counsel for petitioner has challenged the jurisdiction of the District Court of Washington County. He claims the perjury, if committed, occurred in the State of Texas, where the deposition was actually recorded, and that no crime was committed by the petitioner in Oklahoma. The District Court denied this challenge, and the matter is now before this Court on petitioner's application and petition.

We accordingly assume original jurisdiction over Case No. CRF–84–138, in order to resolve this jurisdictional dispute.

We note at the outset that 22 O.S.1981, § 121 confers on the District Courts of this State jurisdiction over any offense "commenced without this State, [and] consummated within its boundaries, ... and ... the jurisdiction is in the county in which the offense is consummated."

Petitioner was charged under 21 O.S. 1981, § 491, which defines perjury as follows:

Whoever, in a trial, hearing, investigation, deposition, certification or declaration, in which the making or subscribing of a statement is required or authorized by law, makes or subscribes a statement under oath, affirmation or other legally binding assertion that the statement is true, when in fact the witness or declarant does not believe that the statement is true or knows that it is not true or intends thereby to avoid or obstruct the ascertainment of the truth, is guilty of perjury. It shall be a defense to the charge of perjury as defined in this section that the statement is true.

According to this statute, perjury is committed when the oral or written statement in the deposition is made or subscribed. *Id.* Title 21 O.S.1981, § 497, defines when the statutory "making" of a deposition is complete. This statute reads:

The making of a deposition or certificate is deemed to be complete, within the provisions of this article, from the time when it is delivered by the accused to any other person with the intent that it be uttered or published as true.

In *Arnold v. State,* 48 Okl.Cr. 452, 132 P. 1123 (1913), this Court first had occasion to construe the meaning of section 497. In that case, the Court held "[u]nder this statute the person before whom a deposition is taken ... becomes the agent of the giver of such deposition ... until it is delivered to the place where it is intended to be used, and that place is the court in which the ... trial is pending. *Therefore the crime ... is not complete until the information is actually delivered to the court in which it is to be used." Id.* 48 Okl.Cr. at 468, 132 P. 1123 (Emphasis added). This view is in accord with that of California, which has an identical provision in its CAL.PENAL CODE, § 124 (West). *See Maxwell v. State,* 50 P. 18, 118 Cal. 50 (1897). *See also, People v. Agnew,* 77 Cal. App.2d 748, 176 P.2d 724 (1947). Our interpretation of section 497 is based on two sound, yet independent, policy concerns: *First,* society is not harmed by the falsity of the deposition until it is used in a public proceeding, and, therefore, perjury should not properly be a crime until the deposition is used. *See e.g. People v. Calban,* 65 Cal.App.3d 578 at 585 n. 6, 135 Cal.Rptr.

441 at 445 n. 6 (1976). *Second,* it is the citizens and courts of Oklahoma, not Texas, who are injured by the perjury alleged to have been committed. *See Arnold v. State, supra,* 48 Okl.Cr. at 467, 132 P. 1123. Accordingly, we find jurisdiction over this alleged offense rests soundly in the District Court of Washington County, pursuant to 22 O.S.1981, § 121.

We therefore find the allegations contained in the petition are without merit, and that the relief requested should be denied.

IT IS THEREFORE THE ORDER OF THIS COURT that original jurisdiction is assumed in Case No. CRF–84–138, Washington County District Court, and the petition for writ of prohibition is DENIED.

IT IS FURTHER THE ORDER OF THIS COURT that the STAY imposed by this Court on all District Court proceedings in this case should be, and hereby is, DISSOLVED.

IT IS SO ORDERED.

ED PARKS, Presiding Judge
TOM BRETT, Judge
HEZ BUSSEY, Judge