**Leon LENZY, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–91–988.**

Court of Criminal Appeals of Oklahoma.

Nov. 18, 1993.

George Nelson, Asst. Dist. Atty., Tulsa, for State.

Bud Byars, Tulsa, for defendant.

Roy W. Byars, Tulsa, for appellant.

Susan Brimer Loving, Atty. Gen., Sandra D. Howard, Asst. Atty. Gen., Chief, Crim. Div., Oklahoma City, for appellee.

*OPINION*

JOHNSON, Vice Presiding Judge:

LEON LENZY, appellant, was tried by a judge for the crime of Perjury in violation of 21 O.S.1981, § 491, in Case No. CF–88–4952 in the District Court of Tulsa County before the Honorable Joe Jennings, District Judge. Judge Jennings returned a verdict of guilty and set punishment at two (2) years imprisonment. From this Judgment and Sentence, appellant has perfected this appeal.

Appellant filed a lawsuit against the K–Mart Corporation in the District Court of Tulsa County, Case No. CJ–86–3195, in which he claimed that he slipped and fell in a K–Mart store and suffered personal injury. On August 1, 1986, K–Mart's attorney, Mr. Dan Rogers, deposed appellant concerning this civil lawsuit. During the depo-

sition, appellant testified under oath that he had never been involved in a lawsuit before or filed any claims against an employer. Mr. Rogers knew appellant's testimony was incorrect, but he chose not to say anything until the case came closer to trial.

Just prior to trial, appellant and his attorney dismissed the civil suit against K–Mart, with prejudice, after being confronted with evidence which demonstrated that he had previously instituted nine (9) other personal injury suits against various parties. In testimony before the Honorable Donald C. Lane, taken in chambers and transcribed, appellant admitted that he had perjured himself during the deposition.

On December 12, 1988, appellant was formally charged with the offense of Perjury in the Tulsa County District Court. A preliminary hearing was held on May 30, 1990, before the Honorable J. Bradford Griffith, Special Judge. The only evidence presented was the testimony of Mr. Rogers, the transcript from the deposition and the transcript from the hearing conducted before Judge Lane. At the conclusion of the preliminary hearing, Judge Griffith sustained appellant's demurrer and dismissed the case finding that the perjury offense had not been completed as the deposition had not been delivered to the civil court. Judge Griffith based his decision upon this Court's ruling in *Graham v. Lanning*, 698 P.2d 25 (Okl.Cr.1985).

Pursuant to 22 O.S.1989, § 1089.1 *et seq.*, the State appealed this decision. On approximately June 18, 1990, the Honorable Clifford E. Hopper, District Judge, reversed the dismissal and remanded the case back to the preliminary hearing level with instructions to bind appellant over on the charge of Perjury. Thereafter, on October 4, 1990, a non-jury trial was held before Judge Joe Jennings. The evidence consisted of a transcript from the preliminary hearing, a transcript of the deposition and a transcript of the proceedings before Judge Lane.

In his sole proposition of error, appellant contends the trial court erred in finding that as a matter of law there was sufficient evidence adduced to support a conviction of Perjury. Appellant asserts that the crime of perjury was never completed as a transcript of the deposition was never used or delivered to the trial court handling the civil lawsuit. We disagree.

The statutory definition of "perjury" is unambiguous. Title 21 O.S.1981, § 491 provides in pertinent part:

Whoever, in a trial, hearing, investigation, deposition, certification or declaration, in which the making or subscribing of a statement is required or authorized by law, makes or subscribes a statement under oath, affirmation or other legally binding assertion that the statement is true, when in fact the witness or declarant does not believe that the statement is true or knows that it is not true or intends thereby to avoid or obstruct the ascertainment of the truth, is guilty of perjury.

Under this provision, an individual who makes a knowing misrepresentation within a sworn deposition has clearly committed the crime of perjury. The statute is straight forward, clear, and unambiguous. Merely three simple inquiries must be made:

Was the proceeding such a one in which an oath may be administered, did the party take an oath to testify, declare, depose, or certify truly before any competent tribunal, officer, or person, and did such person willfully and contrary to such oath state a material matter which he knew to be false?

*Campbell v. State*, 23 Okl.Cr. 250, 214 P. 738, 743 (1923).

Under these criteria, appellant clearly committed perjury when he made false statements during his sworn deposition on August 1, 1986. However, confusion appears to have been created by our decision in *Graham v. Lanning*, 698 P.2d 25 (Okl. Cr.1985). Consequently, we find that clarification is necessary.

The *Graham* decision restates a position first set out by this Court in *Arnold v. State*, 132 P. 1123 (1913). The holding in *Arnold* was based upon the construction of

R.L.1910, Section 2219 [1], which established the following three classifications of punishment for perjury:

Perjury is punishable by imprisonment in the penitentiary as follows: (1) When committed on the trial of an indictment for felony, by imprisonment not less than ten years nor more than twenty years. (2) When committed on any other trial or proceeding in a court of justice, by imprisonment for not less than five nor more than ten years. (3) In all other cases by imprisonment not more than five years.

During a murder trial, the defendant in *Arnold* testified against his accomplice. After the trial was completed, he executed an affidavit for the accomplice recanting his testimony and stating that the jury had visited him in the county jail while they were deliberating. Thereafter, the accomplice filed a motion for new trial in which the defendant's affidavit was attached. The defendant was subsequently charged with the offense of perjury. The twelve jurors from the murder trial and the jailer each testified at the defendant's perjury trial that they did not talk with the defendant about the case. The defendant was found guilty and sentenced to ten (10) years imprisonment pursuant to subdivision one of Section 2219.

On appeal, the defendant maintained he was improperly sentenced pursuant to subdivision one. The Court agreed finding that subdivision one did not apply to the case as the felony murder trial had already been completed. The Court concluded that the defendant should have been punished under subdivision two of § 2219 and modified his sentence to (5) years. Subdivision two specifically requires that the perjury

be committed at a trial or proceeding in a court of justice. Therefore, the Court was confronted with the issue of "whether or not an affidavit made or deposition not given in open court, but made or given for the purpose of being used on a trial or in any other proceeding in a court of justice, when so used comes within the meaning of the second subdivision." *Arnold* at 1127. Referring to R.L.1910, Section 2217 [2], the Court found:

Under this statute the person before whom a deposition is

taken or an affidavit is made becomes the agent of the giver of such deposition or the maker of such affidavit until it is delivered to the place where it is intended to be used, and that place is the court in which the proceeding or trial is pending. Therefore the crime *under the second subdivision of the statute* is not complete until the affidavit or information is actually delivered to the court in which it is to be used. From these considerations we are of the opinion that when perjury is committed either in or out of court on any trial or proceeding in a court of justice the punishment should be inflicted under the second subdivision of the statute.

*Arnold* at 1128 (emphasis added).

The Court's finding that a sworn affidavit must be delivered to the court in which it is to be used was clearly limited to perjury offenses which fall under subdivision two as it deals with perjury offenses committed directly on a trial or court proceeding. In fact, in an attempt to make this point clear, the Court stated:

To prevent any misapprehension from what is herein contained, we desire to

---

1. Section 2219 is now 21 O.S.1981, § 500 and provides:

Perjury is punishable by imprisonment in the penitentiary as follows:
First. When committed on the trial of an indictment for felony, by imprisonment not less than two (2) years nor more than twenty (20) years.
Second. When committed on any other trial or proceeding in a court of justice, by imprisonment for not less than one (1) nor more than ten (10) years.

Third. In all other cases by imprisonment not more than five (5) years.

2. Section 2217 is now 21 O.S., § 497 and still provides that:

The making of a deposition or certificate is deemed to be complete, within the provisions of this article, from the time when it is delivered by the accused to any other person with the intent that be uttered or published as true.

say that if a false affidavit is made in any matter in which an oath may by law be administered, *and the affidavit is not used or attempted to be used in a proceeding in a court of justice,* then the punishment should be under the third subdivision of the statute.

*Arnold* at 1129 (emphasis added).

The *Arnold* decision is entirely consistent with Oklahoma's statutory definition of perjury, which makes no distinction between those false sworn statements that are "delivered" into court and those which are not. A distinction is only made when determining the appropriate punishment range. However, in *Graham v. Lanning,* 698 P.2d 25 (Okl.Cr.1985), the Court appears to extend *Arnold* and find that in all perjury cases involving a deposition, perjury is only committed when the deposition is actually delivered to the court in which it is to be used. The *Graham* decision was not intended to be interpreted in this broad manner.

In *Graham,* the defendant filed an application to assume original jurisdiction and petition for writ of prohibition. The defendant had been charged in the District Court of Washington County with perjury for a deposition that she executed in Texas. The deposition was used in a civil proceeding pending in Washington County. Graham challenged the court's jurisdiction claiming that the offense of perjury, if committed, occurred in the State of Texas, where the deposition was actually conducted. Citing *Arnold,* this Court found that the District Court of Washington County did have jurisdiction to pursue the perjury charge against her since the deposition had been used in a civil proceeding in that court.

The *Graham* decision merely holds that the District Court of Washington County had jurisdiction because perjury had allegedly been committed on that court. The decision should not be read to state that delivery is required in all perjury cases involving depositions. Regardless of whether a false deposition has been delivered or not, the crime of perjury has still occurred. However, in cases dealing with depositions which were conducted in another state, Oklahoma courts can only obtain jurisdiction when the deposition has been delivered to our courts. Upon delivery, the alleged perjury has then been committed on an Oklahoma court proceeding. This reading of the *Graham* decision is completely consistent with *Arnold* and Oklahoma's statutory definition of perjury.

In order to avoid any further confusion, and to be very clear, we restate our findings. In perjury cases involving false statements made in a deposition, a defendant may only be punished for the offense of perjury under subdivision one and two of 21 O.S.1981, § 500 when the deposition has actually been delivered or filed in a court for use therein. Delivery is required because subdivisions one and two require that the perjury be committed on a trial or court proceeding. In these cases, the legislature has clearly determined that the range of punishments should be more stringent. However, if the deposition is not used or attempted to be used in a court proceeding, then the punishment should be under subdivision three. Any holding by this Court in *Graham* or *Arnold* to the contrary is overruled.

Appellant in the instant case clearly committed perjury when he made false statements during his sworn deposition on August 1, 1986. As appellant's false statement was never delivered to the court in which it was intended to be used, he should have been sentenced pursuant to the punishment range established in subdivision three (not more than five (5) years). The record indicates that the sentence given by the judge was well within the range of punishment allowed and is, therefore, affirmed.

We therefore find that appellant's perjury conviction should be AFFIRMED.

LUMPKIN, P.J., and LANE, CHAPEL, and STRUBHAR, JJ., concur.